# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24735-BB

**MARK T. STINSON, SR.**

   Plaintiff,

v.

**BETTY WILLIAMS and
NATHAN BURTON,**

   Defendant.

FILED BY _JG_ D.C.

DEC 27 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION FOR EXPEDITED RECONSIDERATION RULE 59(e)

TO THE HONORABLE COURT JUDGE OF THE SOUTHERN DISTRICT OF FLORDIA:

JUDGE BETH BLOOM,

  COMES NOW the Plaintiff, Mark T. Stinson, Sr., ("Plaintiff"), in this action, moves the **HONORABLE** Judge to issue an *Order* for Expedited Reconsideration Rule 59(e), without delay.

### I. Reconsideration Rule 59(e)

  A court may alter or amend its judgment under Rule 59(e) submitted to the Court within its ten (10) day period, submitted because of an intervening change in the controlling law, newly discovered evidence, or to **_correct a clear error of law and / or prevent a manifest injustice_**. This District Court has committed an error of law and manifest injustice by dismissing this matter without regard to *FL. R. Civ. P. 1.010*.

  We review the denial of a motion to alter or amend a judgment under Rule 59(e) for an ***abuse of discretion***. *Drago v. Jenne*, 458 F.3d 1301, 1305 (11th Cir.2006). Rule 59(e) may not be used to raise arguments or present evidence that

could have been raised or presented before the entry of judgment. <u>Michael Linet, Inc. v. Village of Wellington</u>, Fla., 408 F.3d 757, 763 (11th Cir.2005).

Pursuant to 1915(e)(2)(B), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 555 (citation and quotation marks omitted). Courts must "construe pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." <u>Arrington v. Green</u>, 757 F. App'x 796, 797 (11th Cir. 2018) (citing <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003)). Still, a pro se party must abide by "the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

## II.
## Claim A

1. On or about December 4-8, 2017, during the Plaintiff Federal trial, (No. 2:16-cr-24207-JTF) Betty Williams, Revenue Agent a government witness from Internal Revenue Service, told the court and the jury that the business was behind in business taxes and therefore didn't qualify for an offer in compromise from IRS, which was a false statement.
2. Williams also had bogus evidence that had the Plaintiff signature on them but wasn't signed by the Plaintiff. The signatures were copied and pasted on those forms.
3. Nathan Burton, Tennessee State Department Employee also a government witness from Tennessee State Department, told the court and the jury that the Plaintiff applied for an LLC from the Tenn. State Dept. in 2007 and 2008, which was a false statement.
4. Burton had LLC forms from 2007 and 2008 with the Plaintiff signature on them but the Plaintiff didn't sign them. The signatures were copied and pasted on those forms.

### III.

### Claim B

5. Plaintiff avers that IRS agent Williams violated 26 C.F.R. § 301.7122(a), when she refused to settle the outstanding tax liability of the Plaintiff. SEE Exhibit 1

6. Plaintiff avers that IRS agent Williams violated 26 C.F.R. § 301.7122(g), when she continues to levy the Plaintiff's funds while an offer in compromise was pending.

7. Plaintiff avers that Williams and Burton as government witnesses in their official capacity was under a duty to disclose to the Court and the jury the truth while under oath, and present credible evidence. But they didn't.

8. Plaintiff avers that the Defendants denied the Plaintiff due process.

9. Plaintiff avers that the Defendants denied the Plaintiff an opportunity for a fair trial.

10. Plaintiff avers that these acts were cruel and unusual punishment.

11. Plaintiff avers that the Defendants was a crucial part of the malicious prosecution.

12. Plaintiff was incarcerated from April 2018 to July 2022 at FCI, Forrest City, AR.

### IV.

### Damage

13. Defendants have refused and failed to fulfill their obligations under the color of the law and the U. S. Constitution, by giving false testimony under oath with bogus evidence, while in their individual and official capacity.

14. Defendants have violated the Constitutional laws that protect the right to have a fair trial.

15. As a direct and proximate result of one, some or all the aforementioned acts Plaintiff has been caused to sustain damages in the amount of eight million dollars (**$8,000,000**) from Betty Williams and six million dollars (**$6,000,000**) from Nathan Burton and all damages proximately and /or directly caused by Defendants' fraudulent acts, including, but not limited to punitive damages resulting from the ***intentional and willful misconduct*** by Defendants.

16. Plaintiff has incurred substantial, general, and consequential damages which were

**page 3 of 4**

proximately and/or directly caused by the Defendants' **willful and intentional misconduct.** Plaintiff seeks all damages proximately and /or directly caused by Defendants' intentional fraudulent actions, including, but not limited to Plaintiff's loss of liberty, malicious prosecution, and defamation of character.

### V.  Complaint under 1915(e)(2)(B)

In reviewing a pro se complaint under 1915(e)(2)(B), **the Court must give** the complaint the benefit of a *liberal construction.* Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### VI.  FL. R. Civ. P. 1.010Rule 1.010 - SCOPE AND TITLE OF RULES

These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the Florida Probate Rules, the Florida Family Law Rules of Procedure, or the Small Claims Rules apply. The form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to *secure the just, speedy, and inexpensive determination of every action.* These rules shall be known as the Florida Rules of Civil Procedure and abbreviated as *FL. R. Civ. P. 1.010.*

### VII.  CONCLUSION

Therefore, for the foregoing reasons Mr. Stinson, Sr. respectfully requests that this court grant the motion for Expedited Reconsideration Rule 59(e), without delay.

**Respectfully submitted,**

Mark T. Stinson, Sr.
2932 NW 59th St. #2
Miami, FL 33142-2216
Ph: (305) 491-2085
Email: mstinson1@bellsouth.net

**December 26, 2023**



# Internal Revenue Service
United States Department of the Treasury

This Product Contains Sensitive Taxpayer Data

## Account Transcript

Request Date: 06-17-2013
Response Date: 06-17-2013
Tracking Number: 100164125461

FORM NUMBER: 941
TAX PERIOD: Jun. 30, 2011

TAXPAYER IDENTIFICATION NUMBER: 80-0439874

CONNEXX STAFFING SERVICES LLC
MARK & JAYTON STINSON MBRS
9127 DALRY CV
CORDOVA, TN 38018-2949-277

--- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

ACCOUNT BALANCE: $51,046.58
ACCRUED INTEREST: $3,354.54 AS OF: Jul. 01, 2013
ACCRUED PENALTY: $9,473.34 AS OF: Jul. 31, 2011

ACCOUNT BALANCE PLUS ACCRUALS
(THIS IS NOT A PAYOFF AMOUNT): $63,874.42

** INFORMATION FROM THE RETURN OR AS ADJUSTED **
TAX PER TAXPAYER: $84,969.07

RETURN DUE DATE OR RETURN RECEIVED DATE (WHICHEVER IS LATER) Jul. 31, 2011
PROCESSED DATE Aug. 22, 2011

### TRANSACTIONS

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 150 | Tax return filed | 201132 | 08-22-2011 | $84,969.07 |
| n/a | 35135-182-03350-1 | | | |
| 960 | Appointed representative | | 03-07-2011 | $0.00 |
| 960 | Appointed representative | | 05-13-2011 | $0.00 |
| 961 | Removed appointed representative | | 05-18-2011 | $0.00 |
| 650 | Federal tax deposit | | 05-23-2011 | -$4,132.10 |
| 650 | Federal tax deposit | | 06-08-2011 | -$1,452.59 |
| 650 | Federal tax deposit | | 06-08-2011 | -$1,000.00 |

Exhibit 1

| Code | Description | Ref | Date | Amount |
|---|---|---|---|---|
| 960 | Appointed representative | | 07-01-2011 | $0.00 |
| 960 | Appointed representative | | 07-21-2011 | $0.00 |
| 186 | Federal tax deposit penalty | 201132 | 08-22-2011 | $7,838.43 |
| 276 | Penalty for late payment of tax | 201132 | 08-22-2011 | $391.92 |
| 196 | Interest charged for late payment | 201132 | 08-22-2011 | $189.20 |
| 186 | Federal tax deposit penalty | 201137 | 09-26-2011 | $3,919.22 |
| 960 | Appointed representative | | 09-12-2011 | $0.00 |
| 971 | Issued notice of lien filing and right to Collection Due Process hearing | | 10-06-2011 | $0.00 |
| 971 | Collection due process Notice of Intent to Levy -- issued | | 10-19-2011 | $0.00 |
| 670 | Payment Levy | | 10-19-2011 | -$25,553.17 |
| 971 | Collection due process Notice of Intent to Levy -- return receipt signed | | 10-26-2011 | $0.00 |
| 480 | Offer in compromise received | | 10-27-2011 | $0.00 |
| 582 | Lien placed on assets due to balance owed | | 10-26-2011 | $0.00 |
| 360 | Fees and other expenses for collection | | 11-21-2011 | $24.00 |
| 481 | Denied offer in compromise | | 11-28-2011 | $0.00 |
| 960 | Appointed representative | | 01-18-2012 | $0.00 |
| 960 | Appointed representative | | 01-23-2012 | $0.00 |
| 670 | Payment Levy | | 02-08-2012 | -$8,758.71 |
| 960 | Appointed representative | | 02-13-2012 | $0.00 |
| 670 | Payment Levy | | 02-23-2012 | -$5,388.73 |
| 960 | Appointed representative | | 06-28-2012 | $0.00 |
| 960 | Appointed representative | | 08-01-2012 | $0.00 |

This Product Contains Sensitive Taxpayer Data