UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-24735-cv-BLOOM/Torres

MARK T. STINSON, SR.,

    Plaintiff,
v.

BETTY WILLIAMS and
NATHAN BURTON,

    Defendants.
_____/

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Mark T. Stinson, Sr.'s ("Plaintiff") Motion for Expedited Reconsideration, ECF No. [8] ("Motion"). The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

### I.    BACKGROUND

Plaintiff alleges claims under 28 U.S.C. § 1983 and *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971). Plaintiff alleges that Defendant Betty Williams ("Williams"), an Internal Revenue Service ("IRS") Agent, and Defendant Nathan Burton ("Burton"), an employee of the State Department of Tennessee, "lied under oath with bogus evidence" when testifying as government witnesses during Plaintiff's criminal trial, *United States of America v. Mark Stinson*, No. 2:16-cr-20247-JTF-1 (W.D. Tenn.). ECF No. [1] at 4. Plaintiff brings this action against Williams and Burton in their official and individual capacities. *Id.* at 2. Plaintiff alleges that by offering false testimony, Williams and Burton violated Plaintiff's "[d]ue process, Fifth, Sixth[,] and Eight Amendment [r]ights[.]" *Id.* at 3. Plaintiff alleges that Williams and Burton's false

testimony caused Plaintiff to suffer "[m]alicious loss of liberty, mental anguish, stress, pain and suffering, defamation of character, [and] suicid[al] thoughts." *Id.* at 5.

On December 13, 2023, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3]. The Court accordingly screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e). On December 21, 2023, the Court entered its Order Dismissing Complaint Without Prejudice, ECF No. [7] ("Order"). The Court found that Plaintiff's § 1983 claim against Williams and *Bivens* claim against Burton failed as a matter of law.

With respect to Williams—an employee of the Internal Revenue Service ("IRS")—the Court determined that Plaintiff's *Bivens* claim could not be asserted against Williams in her official capacity because *Bivens* claims cannot be brought against federal agencies. Order at 4-5. The Court also found that Plaintiff's *Bivens* claim against Williams in her individual capacity failed as a matter of law for two reasons: (1) *Bivens* does not provide a remedy for Plaintiff's alleged constitutional deprivations; and (2) Williams possesses testifying witness immunity. *Id.* at 5-6. With respect to Burton—an employee of the State Department of Tennessee—the Court determined that Plaintiff's § 1983 claim failed for similar reasons. Plaintiff's official-capacity § 1983 claim failed because it is asserted against the State of Tennessee, which possesses sovereign immunity under the Eleventh Amendment. *Id.* at 7. The Court further determined that Plaintiff's individual-capacity § 1983 claim failed as a matter of law because Burton possesses testifying witness immunity. *Id.* at 7-8. The Court accordingly dismissed Plaintiff's Complaint without prejudice for failing to state a claim on which relief may be granted under § 1915(e).[1]

In his Motion, Plaintiff argues that the Court should reconsider its Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

---

[1] The Court accordingly denied Plaintiff's Motion to Proceed *In Forma Pauperis*, ECF No. [3], and Motion for Referral to Volunteer Attorney Program, ECF No. [6], as moot.

## II.     LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the

only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it was obliged to rule twice on the same arguments by the same party upon request"). A motion for reconsideration "is not an opportunity for the moving party … to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted).

Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369. Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

### III.   DISCUSSION

The Motion does not identify an intervening change in law, the availability of new evidence, or a clear error or manifest injustice justifying reconsideration of the Order. Instead, Plaintiff simply reiterates the allegations in his Complaint. Upon review, the Court does not find a sufficient basis to reconsider its Order.

Plaintiff's arguments in favor of reconsideration amount to little more than disagreement with the Court's Order. "[W]hen there is mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." *Roggio v. United States*, No. 11-22847-CIV, 2013 WL 11320226, at *1 (S.D. Fla. July 30, 2013) (internal citation and quotation marks omitted); *see also Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) (recognizing no basis for reconsideration where motion did nothing but ask the court to reexamine unfavorable ruling, absent a manifest error of law or fact). Indeed, "[i]t is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly." *Z.K. Marine Inc.*, 808 F. Supp. at 1563 (citation and alterations omitted).

Here, Plaintiff's Motion recapitulates the allegations in his Complaint without identifying a basis for reconsidering the Court's Order. Other than alleging for the first time that Williams violated 26 C.F.R. § 301.722 "when she refused to settle the outstanding tax liability of the Plaintiff" and by "continu[ing] to levy the Plaintiff's funds while an offer in compromise was pending[,]" Plaintiff's Motion fails to identify any new information. Plaintiff's citation to 26 C.F.R. § 301.722—the IRS's regulations governing grounds for compromise—fails to justify reconsideration of the Court's Order. In addition to being improperly raised in the instant Motion, Plaintiff's reliance on 26 C.F.R. § 301.722 fails to cure the deficiencies in his *Bivens* claim. Alleging that Williams violated 26 C.F.R. § 301.722 fails to state a plausible *Bivens* claim, as "a *Bivens* suit challenges the constitutionality of the actions of federal officials." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). Plaintiff accordingly cannot challenge the constitutionality of Williams' conduct by alleging that she violated IRS regulations. The Court concludes that reconsideration of its Order is inappropriate in the absence of an adequate basis for doing so under Rule 59(e).

Case No. 23-24735-cv-BLOOM/Torres

### IV.	CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [8]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 28, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of Record